## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CR-24-311-F** |
| | ) | |
| | ) | |
| **BREON MONTE BELLAMY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JURY INSTRUCTIONS

**STEPHEN P. FRIOT**
**UNITED STATES DISTRICT JUDGE**

## JURY INSTRUCTIONS INDEX

**Jury Inst. No.**

1.   **Opening**
2.   **Duty to Follow Instructions**
3.   **Introduction to the Charges**
4.   **Superseding Indictment**
5.   **Initials**
6.   **Plea and Presumption of Innocence**
7.   **Burden of Proof**
8.   **Reasonable Doubt**
9.   **Evidence – Defined**
10.  **Evidence – Direct and Circumstantial – Inferences**
11.  **Credibility of Witnesses**
12.  **Non-Testifying Defendant**
13.  **Law Enforcement Witness**
14.  **Opinion Witness**
15.  **Accomplice—Plea Agreement**
16.  **Witness's Use of Addictive Drugs**
17.  **Impeachment by Prior Inconsistencies**
18.  **Date of Alleged Offenses**
19.  **Investigative Techniques**
20.  **Suicidal Intent or Planning**
21.  **Caution – Consider Only Crimes Charged**
22.  **Multiple Counts**
23.  **Proof of Intent**
24.  **Knowingly – Defined**
25.  **Count 1 – Distribution of Fentanyl Resulting in Death – Essential Elements**
26.  **Lesser Included Offense, Distribution of Fentanyl**
27.  **Type and Amount of Controlled Substance Involved**
28.  **Count 2 – Drug Conspiracy Resulting in Death – Essential Elements**
29.  **Lesser Included Offense – Drug Conspiracy**
30.  **Caution - Punishment**
31.  **Verdicts**
32.  **Transcript**
33.  **Closing**

**Verdict Form**

## INSTRUCTION NO. 1
## <u>OPENING</u>

Members of the jury, you have heard the evidence in this case and will hear the closing arguments of counsel.  It is now the duty of the court to instruct you as to the law applicable to this case, both from the viewpoint or position of the government, as the plaintiff, and from the viewpoint or position of Breon Monte Bellamy, as the defendant.

Nothing said in these instructions or nothing in any form of verdict prepared for your convenience is to suggest or convey in any manner any information as to what verdicts I think you should find. You, as jurors in this case, are the sole judges of the facts, and it is your duty to determine the true facts herein.  Your only interest is to determine whether the government has proved the defendant guilty beyond a reasonable doubt with respect to one or more of the crimes charged against him in the Superseding Indictment.

## INSTRUCTION NO. 2
## <u>DUTY TO FOLLOW INSTRUCTIONS</u>

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdicts solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

## INSTRUCTION NO. 3
## <u>INTRODUCTION TO THE CHARGES</u>

By Superseding Indictment, the government has accused the defendant of committing crimes against the United States. This is only a charge. The defendant is presumed to be innocent. Therefore, you may find the defendant guilty only if you are convinced, beyond a reasonable doubt, that he committed a crime charged in the Superseding Indictment. If you are not convinced beyond a reasonable doubt that the defendant committed the crime charged in a particular count of the Superseding Indictment, then you must find him not guilty on that count.

At times during the trial, you saw the lawyers make objections to questions asked by the other lawyers, and to answers by witnesses. This simply meant that the lawyers were requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. These are only related to the legal questions that I had to determine and should not influence your thinking.

It is my job to decide what rules of law apply to the case. I have explained some of these rules to you in the course of the trial, and I will explain others to you now before you go to the jury deliberation room. You must not follow some rules and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

If you decide that the government has proved beyond a reasonable doubt that the defendant is guilty of any of the crimes

charged in the Superseding Indictment, it will also be my job to decide what the punishment will be.  You should not try to guess what the punishment might be or express opinions as to what it ought to be. Punishment should not enter into your consideration or discussions at any time.

## INSTRUCTION NO. 4
## SUPERSEDING INDICTMENT

The Superseding Indictment by which the defendant is charged reads as follows.

The Federal Grand Jury charges:

## COUNT 1
### (Distribution of Fentanyl Resulting in Death)

On or about August 21, 2023, in the Western District of Oklahoma,

------------------------------ BREON MONTE BELLAMY ----------------------------

knowingly and intentionally distributed a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, and the use of such substance resulted in the death of M.W.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 2
### (Drug Conspiracy Resulting in Death)

Between on or about August 20, 2023, and on or about August 21, 2023, in the Western District of Oklahoma,

------------------------------ BREON MONTE BELLAMY ----------------------------

knowingly and intentionally conspired, combined, confederated, and agreed with at least one other person known to the Grand Jury to

interdependently distribute a quantity of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).  The use of substances distributed in furtherance of this conspiracy resulted in the death of M.W.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

## INSTRUCTION NO. 5
## <u>INITIALS</u>

The Superseding Indictment with respect to the charge of Distribution of Fentanyl Resulting in Death (Count 1) and the charge of Drug Conspiracy Resulting in Death (Count 2) refer to an individual by initials M.W. rather than by name.  You are instructed that M.W. refers to Mika Wilson.

## INSTRUCTION NO. 6
## <u>PLEA AND PRESUMPTION OF INNOCENCE</u>

As to the Superseding Indictment, the defendant has entered a plea of not guilty, which casts upon the government the burden of proving the essential allegations beyond a reasonable doubt before you would be justified in returning a verdict of guilty on any crime charged.

The defendant is presumed to be innocent of the crimes charged against him and of each and every essential element of those crimes.

The presumption of innocence with which a defendant enters a trial continues until such time, if ever, as guilt is shown beyond a reasonable doubt, and if, upon a consideration of all the evidence, facts and circumstances in the case, you entertain a reasonable doubt of the guilt of the defendant as to any one of the crimes charged against him, you must give him the benefit of that doubt and return a verdict of not guilty with respect to that crime.

## INSTRUCTION NO. 7
## <u>BURDEN OF PROOF</u>

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The burden of proving the defendant guilty beyond a reasonable doubt that rests upon the government never shifts throughout the trial.  The law does not require a defendant to prove innocence or produce any evidence.  A defendant may rely on evidence brought out on cross-examination of witnesses for the government, or the presumption of innocence, or the weakness of the government's case, or favorable inferences casting doubt on guilt, or any of these.

**INSTRUCTION NO. 8**

**<u>REASONABLE DOUBT</u>**

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt with a basis that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in important and weighty affairs, or hesitate to accept the weighty consequences.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

## INSTRUCTION NO. 9
## <u>EVIDENCE – DEFINED</u>

The evidence in the case consists of the sworn testimony of the witnesses and all exhibits that have been received in evidence, and any facts which have been agreed upon or stipulated to.   As for stipulations, the parties have entered into several stipulations covering matters that are not contested in this case.  You must take as true the facts agreed to in those stipulations.  Statements and arguments of counsel are not evidence in the case.

You are to consider only the evidence in the case; but, in your evaluation of the evidence, you are not limited to the bald statements of the witnesses.  In considering the evidence and in determining the issues in this case, you should bring to your aid the general knowledge which you possess, your understanding of the ways of the world, and your common sense.

## INSTRUCTION NO. 10
## EVIDENCE – DIRECT AND CIRCUMSTANTIAL – INFERENCES

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts. The law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

## INSTRUCTION NO. 11
## <u>CREDIBILITY OF WITNESSES</u>

You are the sole judges of the credibility or believability of each witness and the weight to be given to the witness's testimony.  In weighing the testimony of a witness you should consider the witness's relationship to the government or the defendant and interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

## INSTRUCTION NO. 12
## <u>NON-TESTIFYING DEFENDANT</u>

The defendant did not testify, and I remind you that you cannot consider a defendant's decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**INSTRUCTION NO. 13**

**LAW ENFORCEMENT WITNESS**

 During the trial, you heard the testimony of certain law enforcement officials.  The fact that a witness may be employed by the city, state, or federal government as a law enforcement official does not mean that the official's testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

 It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses, and it is your province to give that testimony whatever weight, if any, you find it deserves.

## INSTRUCTION NO. 14
## <u>OPINION WITNESS</u>

During the trial, you also heard the testimony of: (1) Dr. Kasey Cliburn, who evaluated Mika Wilson's blood levels for substances and rendered a Toxicology Report; (2) Dr. Eleanor Abreo, who conducted the physical autopsy of Mika Wilson and rendered a Report of Autopsy; (3) Dr. Jason Beaman, who assessed the findings of Mika Wilson's autopsy and the facts surrounding his death to render an opinion regarding the cause of Mika Wilson's death; and (4) Brook Wilson, who testified regarding the manufacturing, distribution, and use of illicit fentanyl.

In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**INSTRUCTION NO. 15**

**ACCOMPLICE—PLEA AGREEMENT**

The government called as one or more of its witnesses an alleged accomplice.  The government has entered into a plea agreement with the alleged accomplices, providing for the dismissal of some charges against them.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of an alleged accomplice may, by itself, support a guilty verdict.  You should receive this type of testimony with caution and weigh it with great care.  You should never convict the defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.  The fact that an alleged accomplice has entered a guilty plea to an offense charged is not evidence of the guilt of any other person.

**INSTRUCTION NO. 16**

**WITNESS'S USE OF ADDICTIVE DRUGS**

During the trial, you also heard the testimony of one or more witnesses who were or are abusers of drugs.

The testimony of a drug abuser must be examined and weighed by the jury with greater caution than the testimony of a witness who does not abuse drugs.

You must determine whether the testimony of that witness has been affected by the use of drugs or the need for drugs.

## INSTRUCTION NO. 17
## <u>IMPEACHMENT BY PRIOR INCONSISTENCIES</u>

You have heard the testimony of one or more witnesses who may have previously made a statement or statements inconsistent with their testimony here in court.

Any such earlier statement or statements are brought to your attention only to help you determine the believability of the testimony given by such witness here in court. You cannot use an earlier statement as proof of anything else. You can only use it as one way of evaluating the testimony here in court.

## INSTRUCTION NO. 18

## <u>DATE OF ALLEGED OFFENSES</u>

You will note that the Superseding Indictment charges that the alleged offenses were committed "on or about August 21, 2023" and "between on or about August 20, 2023 and on or about August 21, 2023." The government need not establish with certainty the exact date of an alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that an alleged offense was committed on a date reasonably near the date alleged.

**INSTRUCTION NO. 19**

**INVESTIGATIVE TECHNIQUES**

You have heard testimony as to the manner in which the authorities conducted the investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all of the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

## INSTRUCTION NO. 20
## <u>SUICIDAL INTENT OR PLANNING</u>

You have heard evidence or argument suggesting that Mika Wilson desired to commit suicide or may have intended or planned to commit suicide.

Suicidal intent, or plan, whether carried out or not, is not, in and of itself, a defense to the charge of Distribution of Fentanyl Resulting in Death (Count 1) or to the charge of Conspiracy to Distribute Fentanyl Resulting in Death (Count 2). Thus, even if Mika Wilson intended to commit suicide by using fentanyl, that, in itself, would not be a defense to these charges.

You may, however, consider evidence of a desire or plan to commit suicide as that evidence may bear on the issue of whether Mika Wilson had more than one source of fentanyl and whether the death of Mika Wilson resulted from the use of the fentanyl allegedly distributed by defendant.

You are also instructed that evidence of a desire or plan to commit suicide has no bearing on the question of whether the defendant is guilty of either of the two lesser included offenses that are submitted to you for your consideration (Distribution of Fentanyl and Conspiracy to Distribute Fentanyl), because the cause of Mika Wilson's death is not relevant to those lesser included offenses.

## INSTRUCTION NO. 21

## CAUTION — CONSIDER ONLY CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of one or more of the crimes charged in the Superseding Indictment. The defendant is not on trial for any act, conduct, or crime not charged in the Superseding Indictment, except that, as explained in detail later in these instructions and in the verdict form, depending on your verdicts as to Count 1 and Count 2, the two counts actually charged in the Superseding Indictment, you may also be required to consider and determine whether the defendant is not guilty or guilty of one or the other (or both) of the lesser included offenses which are defined later in these instructions.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for any of the crimes charged. The fact that another person also may be guilty is no defense to a criminal charge.

## INSTRUCTION NO. 22

## <u>MULTIPLE COUNTS</u>

A separate crime is charged against the defendant in each count of the Superseding Indictment.  You must separately consider the evidence against the defendant on each count and return a separate verdict for each count.

Your verdict as to any one count, whether it is guilty or not guilty, should not influence your verdict as to any other count.

## INSTRUCTION NO. 23
## <u>PROOF OF INTENT</u>

With respect to proof of intent, you are instructed as follows.

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. You may infer the defendant's intent from the surrounding circumstances. Intent may be, and usually is, proved by circumstantial evidence if it is proved at all. You may consider any statements made and any acts done or omitted by the defendant, and all other facts and circumstances in evidence that indicate his state of mind.

You may consider it reasonable to draw an inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

## INSTRUCTION NO. 24

## <u>KNOWINGLY – DEFINED</u>

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.  In other words, the defendant realized what he was doing and was aware of the nature of his conduct.

## INSTRUCTION NO. 25
## COUNT 1 – DISTRIBUTION OF FENTANYL RESULTING IN DEATH – ESSENTIAL ELEMENTS

The defendant is charged in Count 1 of the Superseding Indictment with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

This law makes it a crime to distribute a controlled substance resulting in the death of another.  Fentanyl is a controlled substance within the meaning of the law.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

**First:**    the defendant knowingly or intentionally distributed a controlled substance as charged in Count 1 of the Superseding Indictment;

**Second:**    the substance was, in fact, fentanyl; and

**Third:**    the death of Mika Wilson resulted from the use of the fentanyl distributed by defendant.

You are instructed that the term "distribute" means to deliver or to transfer possession or control of something from one person to another.  The term "distribute" includes the sale of something by one person to another.  It is not necessary, however, for the government to prove that any transfer of money or other thing of value occurred at the same time as, or because of, the distribution.

You are also instructed that as to the third element, the government must prove beyond a reasonable doubt that the death of

Mika Wilson resulted from the use of the fentanyl distributed by defendant. In order to establish that the death of Mika Wilson resulted from the use of the fentanyl distributed by defendant, the government must prove that Mika Wilson died as a consequence of the use of the fentanyl distributed by defendant.

This means that the government must prove beyond a reasonable doubt that, but for the use of the fentanyl distributed by defendant, Mika Wilson would not have died. This does not mean that the government must prove that Mika Wilson's use of the fentanyl distributed by defendant was the only cause of death. Other factors could have contributed to Mika Wilson's death. However, the government must prove that Mika Wilson's use of the fentanyl distributed by defendant, even if combined with other factors, was necessary in producing his death. In other words, the government must prove beyond a reasonable doubt that Mika Wilson's death would not have occurred without the incremental effect of the fentanyl distributed by defendant.

## INSTRUCTION NO. 26
## <u>LESSER INCLUDED OFFENSE,</u>
## <u>DISTRIBUTION OF FENTANYL</u>

If you unanimously find the defendant not guilty of the offense charged in Count 1 of the Superseding Indictment, Distribution of Fentanyl Resulting in Death, or, if after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the defendant is not guilty or guilty of the lesser included offense of Distribution of Fentanyl.

On the other hand, if you find the defendant guilty of Distribution of Fentanyl Resulting in Death as charged in Count 1, then you will make no finding on the lesser included offense of Distribution of Fentanyl.

The difference between these two offenses is that to convict the defendant of Distribution of Fentanyl, the government does not have to prove that the death of Mika Wilson resulted from the use of the fentanyl distributed by defendant.  This is an element of the greater offense but not the lesser included offense.

To find the defendant guilty of the lesser included offense of Distribution of Fentanyl, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

<u>First</u>:     the defendant knowingly or intentionally distributed a controlled substance as charged in Count 1 of the Superseding Indictment; and

<u>Second</u>:   the substance was, in fact, fentanyl.

**If you are convinced that the government has proved both of these essential elements beyond a reasonable doubt, you may find the defendant guilty of the lesser included offense of Distribution of Fentanyl.  If you have reasonable doubt about either of these elements, then you must find the defendant not guilty of the lesser included offense.**

**INSTRUCTION NO. 27**

**TYPE AND AMOUNT OF CONTROLLED SUBSTANCE INVOLVED**

You are instructed that the government is not required to prove that the defendant knew the exact type or nature of the controlled substance he distributed.  It is only required to prove that defendant knew he did in fact distribute a controlled substance.

In addition, the government is not required to prove a particular amount or quantity of controlled substance was distributed by defendant.  Rather, it is only required to prove a measurable or detectable amount of the controlled substance was in fact distributed.

## INSTRUCTION NO. 28

## COUNT 2 – DRUG CONSPIRACY RESULTING IN DEATH  – ESSENTIAL ELEMENTS

The defendant is charged in Count 2 of the Superseding Indictment with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).

This law makes it a crime for anyone to conspire with someone else to violate federal laws pertaining to controlled substances resulting in the death of another.  In this case, the defendant is charged with conspiracy to distribute fentanyl resulting in the death of Mika Wilson.  Fentanyl is a controlled substance within the meaning of the law.

To find the defendant guilty of this crime, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

<u>First</u>:      the defendant agreed with a least one other person to violate the federal drug laws as described in Count 1— the federal law prohibiting the distribution of controlled substances;

<u>Second</u>:   the defendant knew the essential objective of the conspiracy;

<u>Third</u>:    the defendant knowingly and voluntarily involved himself in the conspiracy;

<u>Fourth</u>:   there was interdependence among members of the conspiracy; and

**Fifth**:         the death of Mika Wilson resulted from the use of the fentanyl distributed in furtherance of the conspiracy.

You are instructed that a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.  It is a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.  The evidence may show that some of the persons involved in the alleged conspiracy are not on trial.  This does not matter.  There is no requirement that all members of a conspiracy be charged or tried together in one proceeding.

The evidence need not show that the members entered into an express or formal agreement.  Nor does the law require proof that the members agreed on all the details.  But the evidence must show that the members of the alleged conspiracy came to a mutual understanding to try to accomplish a common and unlawful plan.

If you are convinced that the charged conspiracy existed, then you must determine whether the defendant was a member of that conspiracy, that is, whether the defendant knew at least the essential goals of the conspiracy and voluntarily chose to be part of it.  The law does not require proof that the defendant knew all the other members of the conspiracy or knew all the details about how activities were to be carried out.  A person may belong to a conspiracy for a brief period of time or play a minor role.  On the other hand, proof is not sufficient if it merely shows that the defendant knew about the existence of the conspiracy or was associated with members of the conspiracy.  Rather, the evidence must show the defendant knowingly joined the conspiracy with the intent to advance its purposes.

You are also required to find that interdependence existed among the members of the conspiracy. This means that the members intended to act for their shared mutual benefit. To satisfy this element, you must conclude that the defendant participated in a shared criminal purpose and that his actions constituted an essential and integral step toward the realization of that purpose.

Lastly, you are required to find beyond a reasonable doubt that the death of Mika Wilson resulted from the use of the fentanyl distributed in furtherance of the conspiracy. In order to establish that the death of Mika Wilson resulted from the use of the fentanyl distributed in furtherance of the conspiracy, the government must prove that Mika Wilson died as a consequence of the use of the fentanyl distributed in furtherance of the conspiracy.

This means that the government must prove beyond a reasonable doubt that, but for the use of the fentanyl distributed in furtherance of the conspiracy, Mika Wilson would not have died. This does not mean that the government must prove that Mika Wilson's use of the fentanyl distributed in furtherance of the conspiracy was the only cause of his death. Other factors could have contributed to Mika Wilson's death. However, the government must prove that Mika Wilson's use of the the fentanyl distributed in furtherance of the conspiracy, even if combined with other factors, was necessary in producing death. In other words, the government must prove beyond a reasonable doubt that Mika Wilson's death would not have occurred without the incremental effect of the fentanyl distributed in furtherance of the conspiracy.

## INSTRUCTION NO. 29
## <u>LESSER INCLUDED OFFENSE,</u>
## <u>DRUG CONSPIRACY</u>

If you unanimously find the defendant not guilty of the offense charged in Count 2 of the Superseding Indictment, Drug Conspiracy Resulting in Death, or, if after all reasonable efforts, you are unable to agree on a verdict as to that offense, then you must determine whether the defendant is not guilty or guilty of the lesser included offense of Drug Conspiracy.

On the other hand, if you find the defendant guilty of Drug Conspiracy Resulting in Death as charged in Count 2, then you will make no finding on the lesser included offense of Drug Conspiracy.

The difference between these two offenses is that to convict the defendant of Drug Conspiracy, the government does not have to prove that the death of Mika Wilson resulted from the use of the fentanyl distributed in furtherance of the conspiracy. This is an element of the greater offense but not the lesser included offense.

To find the defendant guilty of the lesser included offense of Drug Conspiracy, you must be convinced that the government has proved each of the following essential elements beyond a reasonable doubt:

<u>First</u>:     two or more persons agreed to violate the federal drug laws;

<u>Second</u>:    the defendant knew the essential objective of the conspiracy;

<u>Third</u>:    the defendant knowingly and voluntarily involved himself in the conspiracy; and

**<u>Fourth</u>:     there was interdependence among members of the conspiracy.**

**If you are convinced that the government has proved these essential elements beyond a reasonable doubt, you may find the defendant guilty of the lesser included offense of Drug Conspiracy.  If you have reasonable doubt about any of these elements, then you must find the defendant not guilty of the lesser included offense.**

# INSTRUCTION NO. 30

## CAUTION – PUNISHMENT

As I previously stated, punishment should not enter into your consideration.  If you find that the defendant is guilty of any crime charged against him in the Superseding Indictment (or of a lesser included offense), then, it will be my duty to decide what the punishment will be.  You should not discuss or consider the possible punishment in any way while deciding your verdicts.

## INSTRUCTION NO. 31

## <u>VERDICTS</u>

If you unanimously find beyond a reasonable doubt from the evidence in this case and under these instructions that the defendant is guilty of a crime charged against him in this case, then you should find him guilty with respect to such crime and so indicate on the verdict form.

On the other hand, if you do not so find, or if you entertain a reasonable doubt as to the guilt of the defendant on a crime charged, then you should find him not guilty with respect to that crime and so indicate on the verdict form.

## INSTRUCTION NO. 32
## <u>TRANSCRIPT</u>

During the trial you undoubtedly noted some instances in which I quickly reviewed the preliminary transcript as it appeared on the computer screen. That was only a preliminary transcript. Any transcript which could be made available to other persons for any other purpose would have to be a certified transcript. The preparation of a certified transcript involves a number of steps. It is highly unlikely that a certified transcript of the testimony of any witness could be completed without substantial delay. Moreover, if a transcript of the testimony of any particular witness were provided, it might be necessary, in fairness, to provide additional transcripts of the testimony of other witnesses. That would take additional time, resulting in further delay. For that reason, it is simply not practicable to prepare a transcript of testimony for use in your deliberations. It will be necessary for you to make your decision based on what you remember about the evidence. You must do your very best to recall the testimony as it was presented at trial. You should also listen very carefully to your fellow jurors' recollections as to the testimony which was given during the trial.

## INSTRUCTION NO. 33
## <u>CLOSING</u>

From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you each possess in common with other persons, you will reach your conclusions.  You should not let sympathy, sentiment or prejudice enter into your deliberations, but you should discharge your duties as jurors in an impartial, conscientious and faithful manner under your oaths and return such verdicts as the evidence warrants when measured by these instructions.  These instructions contain all the law, whether statutory or otherwise, that may be applied by you in this case and the rules by which you should weigh the evidence and determine the facts in issue.  You must consider the instructions as a whole and not a part to the exclusion of the rest.  You will not use any method of chance in arriving at a verdict but base it on the judgment of each juror concurring in it.

After the closing arguments have been completed, the bailiff will lead you to the jury deliberation room to begin your deliberations.  If any of you have cellphones or similar devices with you, you are instructed to turn them off and give them to the bailiff as you enter the jury deliberation room.  They will be held by the bailiff for you and returned to you after your deliberations are completed and during any lunch break or similar period when you are not deliberating.  The purpose of this requirement is to avoid any interruption or distraction during your deliberations and to eliminate even the possibility of any question of outside contact with the jury during your deliberations.

After you have retired to consider your verdicts, select one of your number as the foreperson and enter upon your deliberations. The exhibits will be available for your examination.

If it becomes necessary during your deliberations to communicate with the court, you may send a note by the bailiff, signed by your foreperson, or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open court.

The bailiff, too, as well as other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the court – how the jury stands, numerically or otherwise, on the question of the guilt or innocence of the defendant, until after you have reached unanimous verdicts.

If you fail to reach a verdict on a count charged in the Superseding Indictment, the parties may be put to the expense of another trial and may once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to a jury more competent to decide this case than those of you who compose the present jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

When you have agreed on your verdicts, notify the court of that fact by sending a note through the bailiff. The foreperson alone will sign the verdict form and you will as a body return it into open court, where the court will read the verdicts. A verdict form will be furnished for your use.

In this connection you are advised that the verdict form includes a blank space next to the words "not guilty" and "guilty" for each crime charged against the defendant (and for the lesser included offenses), so that if you find the defendant not guilty or guilty, simply place a mark in the appropriate space.

The verdicts of the jury in this case must be unanimous which means that each juror must agree and concur in the verdicts. In this connection, the court advises each of you that as jurors you have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment; each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. In the course of deliberations, a juror should not hesitate to re-examine his own views and change that opinion if convinced it is erroneous, but no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

DATE: January 16, 2025.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE